IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DANIEL BEY, § | |
| PLAINTIFF, § | |
| § | |
| v. § | CIVIL CASE NO. 3:21-CV-3080-C-BK |
| § | |
| LAMARK CARSTARPHEN, ET AL., § | |
| DEFENDANTS. § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this pro se case was automatically referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. On December 9, 2021, Plaintiff Daniel Bey filed a consolidated, *pro se*, notice of removal of a misdemeanor criminal case pending against him in a Dallas County court and petty criminal case pending against him in Irving Municipal Court. Doc. 3. For the reasons that follow, this case should be **REMANDED** *sua sponte* to the original courts.

**I.    BACKGROUND**

Bey, a Texas resident and self-proclaimed "Real Party of Interest," filed a notice of removal seeking to remove Dallas County Misdemeanor No. M2135420 and Irving Municipal Court Citation No. JA059541 to this Court due to alleged federal civil rights violations. Doc. 3 at 2, 5, 10-12; Doc. 4 at 4. Bey lists himself as the plaintiff and Police Officer Lamark Carstarphen and the Irving Police Department as the defendants. Doc. 3 at 1-2. He avers the charges were initiated by Police Officer Carstarphen due to "presumed charges [for] possession

of marijuana <2 oz: Dps #35620008 . . . ." Doc. 3 at 2; Doc. 4 at 3. Bey opposes state court jurisdiction over him, alleging in part as follows:

> I do not Consent to Irving Municipal Court or Criminal Misdemeanor Bulletin Board Frank Crowley Courts Building or the Police department having personal jurisdiction over me.
>
> . . .
>
> I do not wish to be policed, or treated as a citizen of a State or the United States, or forced into any state or Federal territory I am from the Americas' and can't be force into the Association or forced to be subject to any of their laws it is against my will and a violation of my Human Rights.

Doc. 3 at 10 (errors in original).

Bey requests that the charges in both cases be dismissed and that his name be added to the "DO NOT STOP, DO NOT DETAIN LIST FOR TEXAS and all the OTHER STATES." Doc. 3 at 4; Doc. 4 at 3.

Upon review, it is apparent that Bey lacks the right to remove his pending criminal proceedings. Therefore, this action should be remanded *sua sponte*.[1]

## II.    ANALYSIS

Although Bey paid the filing fee, the Court should always examine, *sua sponte*, if necessary, the threshold question of whether it has subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001).

28 U.S.C. § 1455(a) provides for removal of criminal prosecutions to federal court. When a criminal case is removed, however, the court must "examine the notice promptly" and "[i]f it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. §

---

[1] With his notice of removal, Bey filed numerous other pleadings and motions. Because subject matter jurisdiction is lacking, the Court need not address his motions and requests and terminates them by separate order.

1455(b)(4). Because § 1455 does not set out any substantive requirement for removal, the Court turns to the other removal statutes to determine if removal is appropriate. *See Louisiana v. Hunter*, Civ. A. No. 14-931, 2014 WL 7139463, at *5 (E.D. La. Dec. 15, 2014) (noting that the United States Court of Appeals for the Fifth Circuit has yet to construe § 1455 and that the statute is purely procedural and provides no substantive requirements for removal).

The Court liberally construes Bey's filings with all possible deference due a *pro se* litigant. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, even assuming a proper notice of removal under § 1455(a) and (b) within the requisite 30-day period, Bey cannot establish a legal right to remove his pending criminal case.

### A.  Bey is not in the group of officials whose criminal cases may be removed

Federal statutes provide for the removal of state criminal cases that charge certain classes of officials. *See* 28 U.S.C. § 1442 (providing for removal of criminal actions against federal law enforcement officers or officials for acts taken in their official duties); 28 U.S.C. § 1442a (providing for removal of prosecutions of members of the armed forces); 28 U.S.C. § 1443(2) (providing for removal of prosecutions of officials enforcing civil rights statutes). Bey has not alleged or demonstrated that he is a federal officer, a member of the armed forces, or an official enforcing civil rights. Thus, these provisions do not apply to him.

### B.  The provisions of § 1443(1) are also inapplicable

Section 1443(1) authorizes the removal of a pending state criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the

jurisdiction thereof." 28 U.S.C. § 1443(1). Thus, to remove under that section, the defendant must show both that (1) the right allegedly denied him arises under a federal law providing for specific rights stated in terms of racial equality; and (2) that he cannot enforce the specified federal right in state court. *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (quoting *Georgia v. Rachel*, 384 U.S. 780 (1966)). Bey demonstrates neither.

Bey's pleadings are silent as to the denial of any federal civil right protecting racial equality. Indeed, Bey asserts only generally constitutional violations, with vague reference to "federal law, United States Constitution Article III, Section 2, [28 U.S.C. 1331] – The Statutory Component, Oath of Office, Human Rights, Fundamental Rights, Rights of Indigenous People, Private Rights, Declaration of Independence, God Given Rights Fundamental Rights." Doc. 4 at 2. However, conclusory allegations of civil rights violations are clearly insufficient to remove a pending state criminal prosecution to federal court. *See State of Tex. v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86-87 (5th Cir. 1982) (finding conclusory allegations of civil rights violations insufficient to support removal of on-going state criminal prosecution and affirming the district court's dismissal). In any event, Bey does not establish that he cannot enforce the specified federal rights in state court, as is also his burden.

### III.  RECOMMENDATION

For the foregoing reasons, Misdemeanor No. M2135420 should be **REMANDED** *sua sponte* to the Dallas County court and Citation No. JA059541 should be **REMANDED** *sua*

*sponte* to the Irving Municipal Court.  28 U.S.C. § 1455(b)(4).

**SO RECOMMENDED** on December 13, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).